IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| KERRI EVANS, on behalf of F.E., a minor, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:17-cv-1031-STA-egb |
| ) | |
| FRITO-LAY, INC.; PIGGLY WIGGLY, INC.;) | |
| and C&S WHOLESALE GROCERS, INC., ) | |
| ) | |
| **Defendants.** ) | |

_____

**ORDER DENYING PLAINTIFF'S SEALED MOTION TO REMAND**
_____

Before the Court is Plaintiff Kerri Evans' Sealed Motion to Remand (ECF No. 17) filed on March 17, 2017. Defendants Frito-Lay, Inc.; Piggly Wiggly, Inc., and C&S Wholesale Grocers, Inc. have responded in opposition. For the reasons set forth below, the Motion to Remand is **DENIED**.

## BACKGROUND

On January 13, 2017, Plaintiff filed a Complaint in the Circuit Court for McNairy County, Tennessee. Defendants removed the case to this Court on February 23, 2017. According to the Notice of Removal, this Court has original jurisdiction over Plaintiff's state law tort claims pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00. In her Motion to Remand, Plaintiff argues that the amount in controversy requirement is not satisfied. Plaintiff has shown through an affidavit that her initial settlement demand to Defendants sought only $30,000.00. According to Plaintiff then, the Court should remand the case to state court.

1

Defendants have filed separate responses in opposition, arguing that the Complaint itself prays for compensatory damages in the amount of $100,000.00 and $300,000.00 punitive damages. Defendants argue that Plaintiff's ad damnum should control and that her post-removal attempt to amend her prayer or stipulate her damages should not defeat removal. Therefore, the Court should deny Plaintiff's Motion.

## STANDARD OF REVIEW

"When a plaintiff files a case in state court that could have been brought in a federal district court, a defendant may invoke the removal statute, 28 U.S.C. § 1441, to secure a federal forum."[1] "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[2] Pursuant to 28 U.S.C. § 1332(a), federal diversity jurisdiction exists over "civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties are citizens of different states.[3] Diversity of citizenship must be complete, meaning "no plaintiff can be the citizen of the same State as any defendant."[4] In the final analysis, it is the removing party's burden to establish the existence of federal jurisdiction.[5]

## ANALYSIS

The issue presented is whether Defendants' removal of Plaintiff's tort claims is proper in light of Plaintiff's post-removal demand for an amount less than $75,000.00. The United States

---

[1] *Jarrett-Cooper v. United Airlines, Inc.*, 586 F. App'x 214, 215 (6th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 83 (2005)).

[2] *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 518 (6th Cir. 2012) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[3] 28 U.S.C. § 1332(a); *Fritz Dairy Farm, LLC v. Chesapeake Exploration, LLC*, 567 F. App'x 396, 398 (6th Cir. 2014).

[4] *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013).

[5] *Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014).

Code states that "[i]f removal of a civil action is sought on the basis of [diversity] jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[6] Simply put, "the amount originally pled in the complaint controls the amount in controversy requirement."[7] Here Plaintiff's pleadings pray for compensatory damages of $100,000.00 and punitive damages of $300,000.00. The pleadings easily satisfy section 1332(a)'s amount in controversy requirement. Plaintiff's more recent offer to accept $30,000 in settlement of the dispute does not alter this result.[8] Therefore, Plaintiff's Motion to Remand is **DENIED**.

    **IT IS SO ORDERED.**

                                       s/ S. Thomas Anderson
                                       S. THOMAS ANDERSON
                                       CHIEF UNITED STATES DISTRICT JUDGE

                                       Date: April 21, 2017.

---

[6] 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'").

[7] *Harrison v. Monumental Life Ins. Co.*, 333 F.3d 717, 719 (6th Cir. 2003); *see also Thornton v. Comerica Bank*, 510 F. App'x 439, 440 (6th Cir. 2013) ("Courts discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations.") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)).

[8] *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) ("[W]e hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court.").